IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| ROBERTO GONZALEZ LOPEZ, and <br> SILVIA GONZALEZ, <br><br> Plaintiffs, <br><br> v. <br><br> TIG INDEMNITY COMPANY n/k/a <br> StarStone National Insurance Company, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 22-CV-04066-WJE <br> ) <br> ) <br> ) <br> ) <br> ) |

# ORDER

Pending before the Court is Defendant TIG Indemnity Company's (now known as StarStone National Insurance Company "StarStone") Motion to Dismiss Plaintiffs' Amended Petition ("Motion to Dismiss") (Doc. 5), and suggestions in support thereof (Doc. 6). With leave of Court, Plaintiffs Roberto Gonzalez Lopez and Silvia Gonzalez (the "Gonzalezes") have filed suggestions in opposition (Doc. 12), to which StarStone has timely replied (Doc. 14). In addition, pending before the Court is the Gonzalezes' Motion to File a Second Amended Petition ("Motion to Amend"). (Doc. 9). StarStone has filed suggestions in opposition (Doc. 13), to which the Gonzalezes have timely replied (Doc. 15). The issues are now ripe for consideration. For the reasons that follow, StarStone's Motion to Dismiss is granted in part and denied in part, and the Gonzalezes' Motion to Amend is granted.

## I. Background

This suit arises from a default judgment entered in the Gonzalezes' favor on February 29, 2008. (Doc. 5, ¶ 1; Doc. 12, p. 1). On April 24, 2000, the Gonzalezes and Christopher Critchlow were in a car accident where the Gonzalezes and their children were injured. (Doc. 6, p. 2; Doc.

12, p. 1). The Gonzalezes allege that Mr. Critchlow was insured by StarStone at the time of the accident. (Doc. 6, p. 2; Doc. 12, p. 1). On August 31, 2007, the Gonzalezes filed suit in state court against Mr. Critchlow. (Doc. 6, p. 2). Due to a typographical error, the Gonzalezes mistakenly alleged that the accident occurred on April 24, 2004. (Doc. 1-1, p. 23). The default judgment entered in the Gonzalezes favor for $100,000 on February 29, 2008, however, correctly referred to the accident date as April 24, 2000. (*Id.*). The judgment was timely revived in Missouri on February 20, 2018. (*Id.*). The Gonzalezes allege that StarStone has subsequently denied coverage because of the typographical error regarding the date of the accident. (*Id.*, p. 24).

On July 9, 2021, the Gonzalezes again filed suit in state court, alleging claims for equitable garnishment in Count I and vexatious refusal to pay in Count II. (Doc. 1). StarStone subsequently removed the case to this Court on April 28, 2022, and then filed its Motion to Dismiss. (*Id.*). On May 26, 2022, the Gonzalezes filed their Motion Amend. (Doc. 9).

## II. Standards of Review

Under Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint for "fail[ing] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint survives a Rule 12(b)(6) motion if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. The factual allegations "do not need to be 'detailed,' but they must be 'more than labels and

conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *In re SuperValu, Inc.*, 925 F.3d 955, 962 (8th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). Specifically, the standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Determining whether a claim is plausible is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Hamilton v. Palm*, 621 F.3d 816, 818 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679). However, the Court must "accept the factual allegations in the complaint as true and draw all reasonable inferences in the nonmovant's favor." *Cook v. George's, Inc.*, 952 F.3d 935, 938 (8th Cir. 2020) (citing *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010)).

Federal Rule of Civil Procedure 15(a)(2) provides that if a party cannot amend its pleading as a matter of course under Rule 15(a)(1), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). It instructs that "[t]he court should freely give leave when justice so requires." *Id.* This Court has discretion when granting leave to amend a pleading. *Rivera v. Bank of America, N.A.*, 993 F.3d 1046, 1051 (8th Cir. 2021) (citing *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998)). A district court may deny leave to amend if there are "compelling reasons, such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Anderson v. Bank of the West*, 23 F.4th 1056, 1060 (8th Cir. 2022) (quoting *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005)).

### III. Analysis

**A. The Gonzalezes adequately allege a claim for equitable garnishment and the Court will grant their Motion to Amend.**

StarStone argues that the Gonzalezes' claim for equitable garnishment should be dismissed because it is barred by a five-year statute of limitations. (Doc. 6, pp. 4-6). In addition, StarStone argues that the Gonzalezes have failed to join Mr. Critchlow, the judgment debtor, which is required under the applicable Missouri statute.[1] (*Id.*, pp. 6-7). The Gonzalezes argue that a five-year statute of limitations does not apply to their equitable garnishment claim, and they have requested leave to amend their petition, which remedies their failure to join Mr. Critchlow. (Doc. 12, pp. 3-5). StarStone opposes the Motion to Amend, arguing that it is futile since the equitable garnishment claim is barred by the statute of limitations. (Doc. 13, pp. 3-4).

"An equitable garnishment action is a legal proceeding, authorized by [Mo. Rev. Stat. §] 379.200, to reach insurance money in satisfaction of a judgment." *Smith v. Progressive Cas. Ins. Co.*, 61 S.W.3d 280, 283 (Mo. App. 2001). "In an equitable garnishment action brought directly against an insurer, the plaintiff must prove that a judgment was obtained against an insurance company's insured during the policy period and that the injury is covered by the policy." *Taylor v. Bar Plan Mut. Ins. Co.*, 457 S.W.3d 340, 344 (Mo. 2015) (en banc) (citing Mo. Rev. Stat. § 379.200). Further, "Missouri . . . considers statute of limitations issues procedural, and, therefore, governed by Missouri law." *Harris v. Mortg. Pros., Inc.*, No. 4:12-CV-01368-BCW, 2013 WL 12182255, at *2 (W.D. Mo. Aug. 30, 2013) (quoting *Renfroe v. Eli Lilly & Co.*, 686 F.2d 642, 646 (8th Cir. 1982)). Missouri law mandates that:

> [e]very judgment, order or decree of any court of record of the United States . . . shall be presumed to be paid and satisfied after the expiration of ten years from the date of the original rendition thereof, or if the same has been revived . . . then after ten years from and after such revival.

---

[1] In this diversity action, the parties agree that Missouri law governs. *See also Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 850 (8th Cir. 2014).

Mo. Rev. Stat. § 516.350. Accordingly, "[t]he statute of limitations for a garnishment action is ten years, as provided in § 516.350." *Shockley v. Harry Sander Realty Co., Inc.*, 771 S.W.2d 922, 925 (Mo. App. 1989) (citing *Walls v. Walls*, 673 S.W.2d 450, 450 (Mo. App. 1984); *Pourney v. Seabaugh*, 604 S.W.2d 646, 649-50 (Mo. App. 1980)).

Here, the Gonzalezes adequately allege a claim for equitable garnishment. Specifically, the Gonzalezes allege that they obtained a default judgment against Mr. Critchlow on February 29, 2008. (Doc. 1-1, p. 23). They allege that StarStone insured Mr. Critchlow at the time of the accident, and that the policy would provide coverage for the accident. (*Id.*). While StarStone asserts that the Gonzalezes' claims are barred by a five-year statute of limitations, the Court finds that a ten-year statute of limitations applies here. *See Shockley*, 771 S.W.2d at 925. Further, the Gonzalezes timely revived the default judgment in 2018. (Doc. 1-1, p. 23). Thus, the claim is not time-barred until ten years after such revival. *See* Mo. Rev. Stat. § 516.350. For these reasons, the Court finds that the Gonzalezes adequately alleged an equitable garnishment claim that is not barred by a five-year statute of limitations.

Next, the Court turns to StarStone's argument that the equitable garnishment claim should be dismissed because the Gonzalezes failed to join Mr. Critchlow as a defendant in this suit. "The 'plain statutory command' of the statute [governing equitable garnishment claims] requires joinder of the tortfeasor." *Otten v. Liberty Mut. Ins. Co.*, No. 4:17-CV-2526-CDP, 2018 WL 3861340, at *3 (E.D. Mo. Aug. 14, 2018) (citing *Glover v. State Farm Fire and Cas. Co.*, 984 F.2d 259, 261 (8th Cir. 1993)). "Thus, to bring their equitable garnishment claim against [the insurer], the [plaintiffs are] required to join the insured . . . as an additional party defendant." *Id.*

Here, the Gonzalezes originally did not join Mr. Critchlow as a defendant in this case, but have subsequently filed their Motion to Amend to do just that. (*See* Doc. 9). The Court will grant

the relief requested in the Motion to Amend. While StarStone does oppose the Motion to Amend, it is only because it believes the motion is futile. Thus, no allegation of bad faith exists, and it does not appear that any party will be prejudiced as a result. *See Bell*, 160 F.3d at 454. Also, while this is the second time the Gonzalezes have sought to amend their petition, the first time was due only to a change in StarStone's name. (*See* Doc. 9, p. 1). Therefore, the Court does not have concerns regarding a repeated failure to cure deficiencies by amendment. *See Bell*, 160 F.3d at 454. Further, joining Mr. Critchlow as a defendant in this case is required pursuant to Missouri law. *See Otten*, 2018 WL 3861340, at *3. Therefore, the amendment is not futile. *See Bell*, 160 F.3d at 454. As to any concern regarding undue delay or dilatory motive, the Gonzalezes filed the Motion to Amend prior to any scheduling order, Rule 26 disclosures, or discovery. (*See* Doc. 9, p. 2). Accordingly, the Court has no concerns regarding undue delay or dilatory motive. *See Bell*, 160 F.3d at 454. For these reasons, the Court will grant the Gonzalezes' Motion to Amend. Further, the claim for equitable garnishment will survive this Motion to Dismiss because it is not barred by the statute of limitations and Mr. Critchlow will be joined as a defendant.

### B. The Gonzalezes do not adequately allege a vexatious refusal to pay claim.

StarStone argues that the Gonzalezes fail to allege a claim for vexatious refusal to pay because automobile liability insurance is specifically exempted from the scope of the applicable statute, and the Gonzalezes are not insured under the StarStone policy, a required element of a vexatious refusal to pay claim. (Doc. 6, pp. 7-9). The Gonzalezes state that they do not oppose the dismissal of their vexatious refusal to pay claim. (Doc. 12, p. 1 n.1). "To establish a claim for vexatious refusal to pay, a plaintiff must plead that: (1) it had an insurance policy with the insurer; (2) the insurer refused to pay; and, (3) the insurer's refusal was without reasonable cause or excuse." *Thomas Farms, Ltd. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 1:18-CV-00196-AGF, 2019 WL 460503, at *3 (E.D. Mo. Feb. 6, 2019) (citing *Dhyne v. State Farm Fire & Cas.*

*Co.*, 188 S.W.3d 454, 457 (Mo. 2006)). The Gonzalezes are not insured by StarStone, a required element to establish a vexatious refusal to pay claim. *See id.* Thus, this Court finds StarStone's arguments compelling, and given that they are unopposed, this Court dismisses the vexatious refusal to pay claim.

### IV. Conclusion

It is hereby ORDERED that StarStone's Motion to Dismiss is GRANTED in part and DENIED in part. (Doc. 5). Accordingly, Count I will survive and Count II is dismissed. Further, it is hereby ORDERED that the Gonzalezes' Motion to Amend is GRANTED. (Doc. 9). The Gonzalezes shall file their Second Amended Complaint (Doc. 9-1) on or before July 5, 2022. StarStone shall respond to the Second Amended Complaint in accordance with the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Western District of Missouri.

Dated this 27th day of June, 2022, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*

Willie J. Epps, Jr.
United States Magistrate Judge