# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| ROBERTO GONZALEZ LOPEZ, and SILVIA GONZALEZ, | ) ) ) |
| Plaintiffs, | ) ) ) No. 22-CV-04066-WJE |
| v. | ) |
| TIG INDEMNITY COMPANY n/k/a StarStone National Insurance Company, and CHRISTOPHER CRITCHLOW, | ) ) ) ) |
| Defendants. | ) |

## ORDER

Pending before the Court is Plaintiffs Roberto Gonzalez Lopez and Silvia Gonzalez's ("the Gonzalezes") Motion to Amend Scheduling Order. (Doc. 33). Defendant TIG Indemnity Company (now known as StarStone National Insurance Company "StarStone") has filed suggestions in opposition (Doc. 36), to which the Gonzalezes have timely replied (Doc. 39). The issue is now ripe for consideration. For the reasons that follow, the Motion to Amend Scheduling Order is denied without prejudice.

### I.  Background

This case arises from a car accident between the Gonzalezes and Mr. Critchlow that occurred almost 23 years ago, on April 24, 2000. (Doc. 17 at 2). On April 22, 2005, the Gonzalezes sued Mr. Critchlow in state court. (*Id.* at 3). The suit was dismissed without prejudice on September 8, 2006, due to the Gonzalezes' failure to prosecute. (*Id.*). On August 31, 2007, just eight days before the deadline to refile the case in state court, the Gonzalezes did so. (*Id.*). The refiled case contained a typographical error that mistakenly stated that the accident occurred on April 24, 2004. (*Id.*). A default judgment was entered against Mr. Critchlow four years later, on February 29, 2008. (*Id.*). A decade later, and just nine days before the judgment was due to expire, the Gonzalezes

revived the judgment on February 20, 2018. (*Id.* at 4). Due to the typographical error, however, StarStone denied coverage for Mr. Critchlow. (*Id.*). To satisfy the default judgment, the Gonzalezes filed suit again in state court on July 9, 2021. (Doc. 1-1 at 2). The case was removed to federal court on April 28, 2022. (Doc. 1).

On June 28, 2022, the Gonzalezes filed their Second Amended Complaint joining Mr. Critchlow as a Defendant. (Doc. 17). On July 2, 2022, the Court entered its Scheduling and Trial Order, ordering March 31, 2023, as the deadline for all discovery to be completed. (Doc. 19). On September 1, 2022, after the Court entered an order to show cause as to why Mr. Critchlow had not yet been served, the Gonzalezes responded by requesting an extension of time to serve Mr. Critchlow because they were having difficulty locating him. (Docs. 23, 24). The Court granted the Gonzalezes' request, ordering that Mr. Critchlow be served by October 31, 2022. (Doc. 25). On October 27, 2022, the Gonzalezes filed another motion for an extension of time to serve Mr. Critchlow. (Doc. 29). The Court granted the Gonzalezes' motion in part, ordering Mr. Critchlow be served by December 16, 2022. (Doc. 30). Mr. Critchlow was served on December 5, 2022. (Doc. 31). Seven months after the Court issued its Scheduling and Trial Order, the Gonzalezes filed the instant Motion to Amend Scheduling Order, moving for an extension of discovery deadlines. (Doc. 33 at 2).[1]

## II. Discussion

While "the Federal Rules [of Civil Procedure] are usually liberally construed to permit parties to amend pleadings, add additional parties and to similarly control the pace of litigation," the Rules "set a less forgiving standard" for scheduling orders. *Bradford v. DANA Corp.*, 249 F.3d

---

[1] In their reply brief, the Gonzalezes ask the Court "to reset all the case deadlines" including those that have passed. (Doc. 39 at 1). The Gonzalezes' initial motion and reply brief otherwise focus exclusively on why the Gonzalezes believe additional time is needed to conduct discovery. Accordingly, the Court construes the Gonzalezes' motion as a request to extend only the discovery deadlines.

807, 809 (8th Cir. 2001) (citations omitted). The deadlines in a court's scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of good cause is the movant's diligence in attempting to meet the [scheduling] order's requirements." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716–17 (8th Cir. 2008) (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)). Prejudice to the non-moving party "may also be a relevant factor" but "generally, [the court] will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." *Id.* at 717 (citing *Bradford*, 249 F.3d at 809). Even with good cause, "the district court retains discretion as to whether to grant the motion." *Bradford*, 249 F.3d at 809. "As a vehicle designed to streamline the flow of litigation through . . . crowded dockets, [courts] do not take case management orders lightly, and will enforce them." *Id.* (citations omitted).

Pursuant to Local Rule 16.3(a)(2), a party requesting to extend a scheduling order deadline must "demonstrate a specific need for the requested extension[,]" and set forth "a detailed proposed amendment to the previously entered scheduling order." When a party seeks to extend the discovery deadline, the moving party's motion "must provide the names of each remaining deponent and the date, time, and place of each remaining deposition." L.R. 16.3(a)(2). The Court may only extend the discovery deadline if "[t]here has been active discovery; or [t]he moving party demonstrates that disabling circumstances precluded active discovery." L.R. 16.3(b).

The Gonzalezes argue that additional time is needed to conduct discovery because the Court's Show Cause Order warned of dismissal of the case if Mr. Critchlow was not served, so they delayed conducting discovery until after effectuating service on Mr. Critchlow. (Doc. 39 at 1). StarStone opposes the requested extension, arguing the Gonzalezes have not been diligent in pursuing discovery. (Doc. 36 at 2–4).

The Court does not find that the Gonzalezes' reasons constitute good cause under Rule 16(b)(4). The existing record demonstrates that the Gonzalezes have not acted diligently in meeting the discovery deadline. They have been on notice for seven months that the deadline to complete discovery is March 31, 2023. Yet, they did not serve written discovery until February 15, 2023, the same day they filed the instant motion. (*See* Docs. 33, 34). No depositions have been taken, requested, or scheduled. (Doc. 36 at 2). Though service on Mr. Critchlow was not obtained until December 5, 2022, if the Gonzalezes needed additional time to conduct discovery with Mr. Critchlow and StarStone, they could have requested an extension months ago—during the time they requested three extensions of time to serve Mr. Critchlow—but they did not do so. The Gonzalezes simply have not demonstrated the diligence that would support a finding of good cause under Rule 16(b)(4) for amending the Scheduling and Trial Order to extend discovery. *See Brackson v. Dolgencorp*, No. 05-0801-CV-W-FJG, 2006 WL 8438277, at *3–4 (W.D. Mo. Aug. 22, 2006) (denying motion to extend discovery for lack of good cause, finding "plaintiffs' counsel made almost no effort to comply with the deadlines in the Scheduling Order until the last minute"). Furthermore, the Gonzalezes' motion does not include the information required by Local Rule 16.3(a)(2), so the Court is unaware of the scope of the discovery and depositions yet to be completed. *Cf. Boyd v. Lowe's Companies, Inc.*, No. 4:21-cv-00417-DGK, 2022 WL 28191926, at *2 (W.D. Mo. July 19, 2022) (granting motion to extend discovery where Plaintiff complied with L.R. 16.3(a)(2) "by describing the remaining deposition and outstanding discovery"). Thus, the Gonzalezes' motion is denied without prejudice.

### III. Conclusion

The Motion to Amend Scheduling Order (Doc. 33) is DENIED without prejudice as set forth herein.

IT IS, THEREFORE, ORDERED.

Dated this 23rd day of February, 2023, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*

Willie J. Epps, Jr.
United States Magistrate Judge