IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

ROBERTO GONZALEZ LOPEZ, and )
SILVIA GONZALEZ, )
　）
    Plaintiffs, )
　） No. 22-CV-04066-WJE
　）
TIG INDEMNITY COMPANY n/k/a )
StarStone National Insurance Company, and )
SANDRA BLAND, guardian for )
Christopher Critchlow, )
　）
    Defendants. )

## ORDER

  Pending before the Court is Defendant TIG Indemnity Company's (now known as StarStone National Insurance Company "StarStone") Motion for Summary Judgment (Doc. 59), and suggestions in support thereof (Doc. 60). Plaintiffs Roberto Gonzalez Lopez and Silvia Gonzalez ("the Gonzalezes") have filed suggestions in opposition. (Doc. 61). StarStone did not file a reply brief and the time to do so has passed. The issues are now ripe for consideration. For the reasons that follow, the Motion for Summary Judgment is granted.

### I. Background

  On April 24, 2000, the Gonzalezes and Mr. Christopher Critchlow were in a car accident in Missouri where the Gonzalezes were injured. (Doc. 61, pp. 5, 7). StarStone insured Mr. Critchlow's vehicle, providing a no-fault insurance policy that included coverage for "property damage" and "car damage other than collision." (*Id.*, pp. 3–5; Doc. 60-4). The policy identified Mr. Critchlow's address in Florida, and stated that the covered vehicle was "principally garaged" in Florida. (Doc. 61, pp. 5–7). The accident report stated that Mr. Critchlow had a Florida driver's license, his car had a Florida license plate, and he had been driving from Florida. (Doc. 61, p. 6;

Doc. 60-6, p. 1). Mr. Critchlow provided the officer on-scene with a Missouri home address. (Doc. 60-6, p. 1).

On April 22, 2005, the Gonzalezes sued Mr. Critchlow in Missouri state court. (Doc. 61, p. 6; Doc. 60-8). The suit was dismissed without prejudice on September 8, 2006, for failure to prosecute. (Doc. 61, p. 7; Doc. 60-8). On August 31, 2007, the Gonzalezes refiled the case in Missouri state court. (Doc. 61, p. 7; Doc. 60-11). A default judgment against Mr. Critchlow was entered on February 29, 2008, awarding the Gonzalezes $100,000 in damages for their medical expenses incurred from the car accident. (Doc. 61, p. 8; Doc. 60-13). On February 20, 2018, almost a decade later, the Gonzalezes timely revived the default judgment against Mr. Critchlow, but StarStone denied coverage for the Gonzalezes claim, stating the accident occurred outside the coverage period. (Doc. 61, pp. 8, 10; Doc. 60-16). To satisfy the default judgment, the Gonzalezes again filed suit in Missouri state court on July 9, 2021, alleging claims for equitable garnishment in Count I and vexatious refusal to pay in Count II. (Doc. 1-1, pp. 2, 4–11). StarStone responded by removing the case to federal court. (Doc. 1). This Court subsequently dismissed Count II against StarStone. (Doc. 16). StarStone filed the instant motion on April 28, 2023. (Doc. 59).

## II.     Standard of Review

"Summary judgment is proper if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Green Plains Otter Tail, LLC v. Pro-Env't., Inc.*, 953 F.3d 541, 545 (8th Cir. 2020) (citing Fed. R. Civ. P. 56(c)). "A genuine issue of fact is material if it 'might affect the outcome of the suit under the governing law.'" *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A court considering a motion for summary judgment must view the evidence and inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party."

*Dryer v. Nat'l Football League*, 814 F.3d 938, 941–42 (8th Cir. 2016) (citing *Enter. Bank v. Magna Bank of Mo.*, 92 F.3d 743, 747 (8th Cir. 1996)). "A party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials, but must set forth specific facts in the record showing that there is a genuine issue for trial." *Id.* at 942 (citing *Anderson*, 477 U.S. at 256). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Green Plains Otter Tail, LLC*, 953 F.3d at 545 (quoting *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011)).

### III. Analysis

StarStone argues that it is entitled to summary judgment on the equitable garnishment claim because the no-fault insurance policy did not provide coverage for other drivers' bodily injuries, so StarStone is not responsible for the damages awarded in the default judgment. (Doc. 60, pp. 10–14). The Gonzalezes do not dispute that the policy does not cover bodily injuries, but argue that there is a genuine issue of material fact as to whether Missouri's Motor Vehicle Financial Responsibility Laws ("MVFRL") governed Mr. Critchlow's insurance policy, which would require the policy to cover other drivers' bodily injuries. (Doc. 61, pp. 11–13). The Court concludes that the insurance policy did not cover the Gonzalezes' bodily injuries, as Mr. Critchlow's policy was not governed by Missouri's MVFRL.

In this diversity action, Missouri substantive law governs the equitable garnishment claim. *See Heacker v. Safeco Ins. Co. of Am.*, 676 F.3d 724, 727 (8th Cir. 2012) ("Missouri law applies to the equitable garnishment issues in this diversity case."). "Missouri statutes provide that when a personal injury plaintiff has recovered a final judgment against a defendant for what should have been an insured loss, [they are] entitled to have insurance proceeds applied to satisfy the judgment." *Minden v. Atain Specialty Ins. Co.*, 788 F.3d 750, 754 (8th Cir. 2015) (citing Mo. Rev.

Stat. § 379.200). "The party seeking the judgment is in the shoes of the insured, so the insurer may raise the same defenses in an equitable garnishment action that it could have in an action by the insured." *Id.* (citing *Glover v. State Farm Fire and Cas. Co.*, 984 F.2d 259, 260 (8th Cir. 1993) (per curiam)). "To collect a judgment through equitable garnishment, the plaintiff has the burden to show by substantial evidence that the claim is within the coverage provided within the insurance contract." *Heacker*, 676 F.3d at 727 (citing *Peck v. Alliance Gen. Ins. Co.*, 998 S.W.2d 71, 74 (Mo. App. 1999)). In other words, "the policy must have been in effect when the covered acts occurred and cover the damages awarded in the judgment." *Id.* (citing *Taggart v. Maryland Cas. Co.*, 242 S.W.3d 755, 758 (Mo. App. 2008)). The insurance policy "will be enforced as written" where the "terms unambiguously apply, including coverage exclusions." *Doe Run Res. Corp. v. Lexington Ins. Co.*, 719 F.3d 868, 871 (8th Cir. 2013) (citing *Krombach v. Mayflower Ins. Co.*, 827 S.W.2d 208, 210 (Mo. 1992); *Auto Club Family Ins. Co. v. Jacobsen*, 19 S.W.3d 178, 183 (Mo. App. 2000)). "Missouri courts read insurance contracts as a whole and determine the intent of the parties, giving effect to that intent by enforcing the contract as written." *Riggins v. Am. Fam. Mut. Ins. Co.*, 217 F. Supp. 3d 1017, 1020 (W.D. Mo. 2016) (quotation omitted).

Under Missouri's MVFRL, an "owner of a motor vehicle registered in th[e] state, or required to be registered in th[e] state[,]" must maintain financial responsibility and insurance compliant with the minimum requirements of the law, which includes covering other drivers' bodily injuries. Mo. Ann. Stat. § 303.025, 303.190 (West). "A nonresident motor vehicle owner shall maintain . . . financial responsibility which conforms to the requirements of the laws of the nonresident's state of residence." Mo. Ann. Stat. § 303.025 (West).

The Court finds that StarStone is not responsible for the damages awarded in the default judgment because the insurance policy did not cover other drivers' bodily injuries. There is no

dispute that the insurance policy was in effect when the accident occurred. (Doc. 61, p. 3); *see Heacker*, 676 F.3d at 727. Yet, the Gonzalezes fail to dispute that the policy did not cover other drivers' bodily injuries or that the default judgment only awarded damages for bodily injuries. (Doc. 61, pp. 5, 8); *see Heacker*, 676 F.3d at 727. The no-fault policy, pursuant to Florida's MVFRL, was not required to cover other drivers' bodily injuries. *See* Fla. Stat. Ann. § 627.736 (West). Further, the undisputed facts establish that the parties intended for Florida's MVFRL to apply, not Missouri's MVFRL. *See Riggins*, 217 F. Supp. 3d at 1020. The parties do not dispute that the policy was issued in Florida, agreed Mr. Critchlow's primary address was in Florida, and stated the insured vehicle was principally garaged in Florida. (Doc. 61, pp. 3–4). Although Mr. Critchlow represented to the police officer on-scene that he lived in Missouri, the Court finds that the policy unambiguously identified Mr. Critchlow as a resident of Florida with a registered vehicle in Florida. (Doc. 60-6, p. 1). As such, Missouri's MVFRL did not apply. *See* Mo. Rev. Stat. § 303.025. Therefore, the Gonzalezes cannot prevail on their equitable garnishment claim because the damages awarded in the default judgment are unambiguously not within the coverage provided by the policy.[1] *See Heacker*, 676 F.3d at 727. Accordingly, StarStone is entitled to summary judgment on Count I for equitable garnishment, the only remaining claim.

As a result, the equitable garnishment claim against Defendant Sandra Bland is also dismissed. To pursue an equitable garnishment claim, the insurer and insured are required parties. *See Otten v. Liberty Mut. Ins. Co.*, No. 4:17-CV-2526-CDP, 2018 WL 3861340, at *3 (E.D. Mo. Aug. 14, 2018). With summary judgment granted in favor of StarStone, the insurer, the equitable garnishment claim as it pertains to Ms. Bland, the insured, fails.

---

[1] As a result, the Court need not address StarStone's alternative argument regarding its affirmative defense that the default judgment does not include post-judgment interest.

## IV. Conclusion

The Motion for Summary Judgment (Doc. 59) is granted as set forth herein.

IT IS, THEREFORE, ORDERED.

Dated this 3rd day of June 2023, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*

Willie J. Epps, Jr.
United States Magistrate Judge